UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

      Plaintiff,

v

COSTCO WHOLESALE CORPORATION,

      Defendant,

Case No.
Hon.

---

| | |
|---|---|
| MARIO J. AZZOPARDI (P46971) | ROBERT A. MARZANO (P51154) |
| JAY L. ROTHSTEIN (P27321) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | PLUNKETT COONEY |
| 19068 West 10 Mile Road | 38505 Woodward Avenue, Suite 100 |
| Southfield, MI 48075-2401 | Bloomfield Hills, Michigan 48304 |
| (248) 355-2048/ Fax: 2079 | Direct Dial: (248) 594-6357 |
| mja@rothsteinlawgroup.com | Facsimile: (248) 901-4040 |
| | rmarzano@plunkettcooney.com |

---

**NOTICE OF FILING REMOVAL**
**NOTICE OF FILING REMOVAL TO FEDERAL COURT**
**VERIFICATION**
**CERTIFICATE OF SERVICE**

---

Respectfully submitted,

PLUNKETT COONEY

Dated: April 8, 2022     By:   /s/ *Robert A. Marzano*
                        ROBERT A. MARZANO (P51154)
                        *Attorneys for Defendant*
                        38505 Woodward, Suite 100
                        Bloomfield Hills, Michigan 48304
                        Direct Dial: (248) 594-6357
                        Facsimile: (248) 901-4040
                        rmarzano@plunkettcooney.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DAVID WILSON,

      Plaintiff,

v

                                       Case No.  22-002198-NO

COSTCO WHOLESALE CORPORATION,      Hon. John H. Gillis, Jr.

      Defendant,

---

MARIO J. AZZOPARDI (P46971)
JAY L. ROTHSTEIN (P27321)
*Attorneys for Plaintiff*
19068 West 10 Mile Road
Southfield, MI 48075-2401
(248) 355-2048/ Fax: 2079
mja@rothsteinlawgroup.com

ROBERT A. MARZANO (P51154)
*Attorneys for Defendant*
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan  48304
Direct Dial:    (248) 594-6357
Facsimile:     (248) 901-4040
rmarzano@plunkettcooney.com

---

## NOTICE OF REMOVAL

---

      PLEASE TAKE NOTICE that Defendant, COSTCO WHOLESALE CORPORATION, has filed a Notice of Removal, copies of which are attached hereto, in the offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at 231 W. Lafayette Blvd., Detroit, Michigan.

Respectfully submitted,

PLUNKETT COONEY

Dated: April 8, 2022

By:   /s/  *Robert A. Marzano*

ROBERT A. MARZANO (P51154)
*Attorneys for Defendant*
38505 Woodward, Suite 100
Bloomfield Hills, Michigan  48304
Direct Dial:  (248) 594-6357
Facsimile:   (248) 901-4040
rmarzano@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

      Plaintiff,

v                                Case No.
                                     Hon.

COSTCO WHOLESALE CORPORATION,

      Defendant,

---

MARIO J. AZZOPARDI (P46971)
JAY L. ROTHSTEIN (P27321)
*Attorneys for Plaintiff*
19068 West 10 Mile Road
Southfield, MI 48075-2401
(248) 355-2048/ Fax: 2079
mja@rothsteinlawgroup.com

ROBERT A. MARZANO (P51154)
*Attorneys for Defendant*
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan  48304
Direct Dial:    (248) 594-6357
Facsimile:    (248) 901-4040
rmarzano@plunkettcooney.com

---

**REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

---

To:    United States District Court
       Judges of the Above Court

      NOW COMES Defendant, COSTCO WHOLESALE CORPORATION, by and

through its attorneys, Plunkett Cooney, and pursuant to 28 USCA §1332, 1441

and 1446, files the within Notice of Removal as follows:

      1.      On or about February 24, 2022, there was commenced, and is now

pending in the Circuit Court for the County of Wayne, State of Michigan, a

certain personal injury civil action bearing Civil Court Case No. 22-002198-NO, in which David Wilson is the Plaintiff and Costco  Wholesale Corporation has been identified as the Defendant.

2.     Plaintiff's lawsuit is a suit of common law of a civil nature in which Plaintiff claims that he slipped and fell onto the floor after stepping out of a restroom stall in Defendant's public restroom at its warehouse located at 13700 Middlebelt Road, Livonia, Michigan, on or about January 21, 2022, allegedly resulting in the following alleged injuries and damages:

       a.     head injury;

       b.     severe lacerations to his body;

       c.     physical pain and suffering;

       d.     medical and hospital bills;

       e.     a significant loss of earnings; and

       f.     a permanent diminution of his earing capacity

(Plaintiff's Complaint, Exhibit A).

3.     As set forth in the Complaint filed on his behalf, Plaintiff has asserted a generalized demand alleged to be in excess of the state court jurisdictional limit of twenty five thousand dollars ($25,000.00).  (Plaintiff's Complaint, Exhibit A).

4.      However, based upon the claimed nature and alleged extent of Plaintiff's injuries and damages, as well as after discussing the same with Plaintiff's attorney, it appears that Plaintiff is, in reality, seeking to recover damages in excess of seventy five thousand dollars ($75,000.00).

5.      Further, and assuming arguendo that liability, proximate cause, and related injuries are able to be conclusively established, it is defense counsel's experience that damages such as those alleged by Plaintiff are routinely valued in this jurisdiction to be in excess of seventy five thousand dollars ($75,000.00).

6.      Defense counsel has conferred on two separate occasions with Plaintiff's counsel, and Plaintiff's counsel has advised defense counsel that he cannot stipulate to cap and/or otherwise limit the value of injuries and damages claimed by Plaintiff in this matter to seventy five thousand dollars ($75,000.00).

7.      Therefore, as things presently stand, this action involves a controversy with complete diversity of citizenship between citizens of different states, and therefore, satisfies the requirement(s) set forth in 28 USCA §1332. More specifically, Defendant affirmatively states:

a.      Plaintiff is now and was at the time of the commencement of

this action, a resident and citizen of the State of Michigan.  (Plaintiff's Complaint, Exhibit A).

b.      Defendant, COSTCO WHOLESALE CORPORATION, was at the commencement of this action and now and ever since, has been a corporation duly created and organized by and under the laws of the State of Washington with its principal place of business in Issaquah, Washington.

c.      Defendant, COSTCO WHOLESALE CORPORATION, was not and is not a corporation, created or organized under the laws of the State of Michigan and does not have its principal place of business in the State of Michigan.

8.      This action is therefore a controversy between a citizen of the State of Michigan, on the one had as Plaintiff, having complete diversity as to Defendant, COSTCO WHOLESALE CORPORATION, a citizen of the State of Washington, and involves an amount in controversy of more than seventy five thousand ($75,000.00) over which the Federal District Court of the United States has jurisdiction.  (Plaintiff's Complaint, Exhibit A).

9.      Defendant has filed no pleadings in the Circuit Court for the County of Wayne, and has not filed an appearance, notice of appearance, or any

pleadings, engaged in or otherwise participated in any prior proceedings in said cause to the extent that any have taken place to date in the state court in which the original Complaint was filed.

10.    Defendant, COSTCO WHOLESALE CORPORATION'S, registered agent was served with the Summons and Complaint on March 14, 2022, via certified mail.

11.    Accordingly, this Removal has been timely filed within thirty (30) days and remains fully proper pursuant to the statutes above cited for the reasons stated herein.

12.    A copy of the written Notice of Filing of this Removal has been provided to Plaintiff through his counsel as required by law and is also attached hereto.

13.    A true copy of this Removal has been filed with the Wayne County Circuit Court as provided by law.

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, respectfully requests this Honorable Court to effectuate removal of this civil action from the Circuit Court for the County of Wayne, State of Michigan, to the United Stated District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

Dated: April 8, 2022      By:    /s/ *Robert A. Marzano*
                                        ROBERT A. MARZANO (P51154)
                                        *Attorneys for Defendant*
                                        38505 Woodward, Suite 100
                                        Bloomfield Hills, Michigan  48304
                                        Direct Dial:  (248) 594-6357
                                        Facsimile:   (248) 901-4040
                                        rmarzano@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

     Plaintiff,

v

COSTCO WHOLESALE CORPORATION,

     Defendant,

Case No.
Hon.

---

| MARIO J. AZZOPARDI (P46971)<br>JAY L. ROTHSTEIN (P27321)<br>*Attorneys for Plaintiff*<br>19068 West 10 Mile Road<br>Southfield, MI 48075-2401<br>(248) 355-2048/ Fax: 2079<br>mja@rothsteinlawgroup.com | ROBERT A. MARZANO (P51154)<br>*Attorneys for Defendant*<br>PLUNKETT COONEY<br>38505 Woodward Avenue, Suite 100<br>Bloomfield Hills, Michigan  48304<br>Direct Dial:    (248) 594-6357<br>Facsimile:    (248) 901-4040<br>rmarzano@plunkettcooney.com |
|---|---|

---

**VERIFICATION**

---

ROBERT A. MANZANO, first being duly sworn, states that he is the attorney for Defendant, Costco Wholesale Corporation, and that the foregoing Notice of Removal is true in substance and in fact to the best of his knowledge, information and belief.

Respectfully submitted,

PLUNKETT COONEY

Dated: April 8, 2022          By:      /s/ *Robert A. Marzano*

ROBERT A. MARZANO (P51154)
*Attorneys for Defendant*
38505 Woodward, Suite 100
Bloomfield Hills, Michigan  48304
Direct Dial:  (248) 594-6357
Facsimile:   (248) 901-4040
rmarzano@plunkettcooney.com

Subscribed and sworn to before me
on April 8, 2022.

/s/ Mary Ellen Kisell
Notary Public
Oakland County, Michigan
Acting in Oakland County
My Commission Expires:  9/5/2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

DAVID WILSON,

     Plaintiff,

v                                     Case No.
                                       Hon.

COSTCO WHOLESALE CORPORATION,

     Defendant,

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN    )
                      )SS:
COUNTY OF OAKLAND  )

The undersigned certifies that a copy of Defendant's Notice of Removal of Cause to the United States District Court for the Eastern District of Michigan, and Proof of Service was e-served on April 8, 2022. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

PLUNKETT COONEY

Dated: April 8, 2022     By:   /s/ *Robert A. Marzano*
                               ROBERT A. MARZANO (P51154)
                               *Attorneys for Defendant*
                               38505 Woodward, Suite 100
                               Bloomfield Hills, Michigan 48304
                               Direct Dial: (248) 594-6357
                               Facsimile: (248) 901-4040
                               rmarzano@plunkettcooney.com

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
03/14/2022
CT Log Number 541232220

**TO:**   Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:**   **Process Served in Michigan**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DAVID WILSON // To: Costco Wholesale Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22002198NO |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/14/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2022, Expected Purge Date: 03/31/2022 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SS

ROTHSTEIN LAW GROUP
19
Sc



7021 0950 0000 5355 6521

U.S. POSTAGE PAID
FCM LG ENV
WARREN, MI
48090
MAR 11 22
AMOUNT
$8.36
R2305H129286-06

RETURN RECEIPT
REQUESTED

Costco Wholesale Corporation
c/o Resident Agent: The Corporation Co.
40600 Ann Arbor Road E., Suite 201
Plymouth, MI 48170-4675

LAWRENCE R. ROTHSTEIN
JAY L. ROTHSTEIN
MARIO J. AZZOPARDI
MARISA ROTHSTEIN LaKIND
MICHAEL J. ROTHSTEIN
P. DAVID PALMIERE
WILLIAM C. HARSHA
BENJAMIN S. MANSON
SHIRLENE A. BROWN

# Rothstein
### law group plc

19068 WEST TEN MILE ROAD
SOUTHFIELD, MICHIGAN 48075

TELEPHONE: (248) 355-2048
FACSIMILE: (248) 355-2079

March 11, 2022

### **CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Costco Wholesale Corporation
c/o Resident Agent: The Corporation Company
40600 Ann Arbor Road E., Suite 201
Plymouth, MI 48170-4675

RE:   **Wayne County Circuit Court Case No. 22-002198**
      *David Wilson v. Costco Wholesale Corporation*
      Hon. John H. Gillis, Jr.

Dear Sir/ Madam:

With regard to the above-entitled matter, please find enclosed the following documents:

1.      Summons;

2       Complaint and Jury Demand.

Please handle in your usual manner, and feel free to contact our office with any questions.

Very truly yours,

**ROTHSTEIN LAW GROUP PLC**

*Karen L. Cull*

Karen L. Cullen, Legal Assistant

Enclosures

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | **CASE NO.<br>22-002198-NO**<br>Hon.John H. Gillis, Jr. |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>WILSON, DAVID | v | Defendant's name(s), address(es), and telephone no(s).<br>COSTCO WHOLESALE CORPORATION, a<br>Washington Corporation |

| Plaintiff's attorney, bar no., address, and telephone no<br><br>Mario J. Azzopardi 46971<br>19068 W 10 Mile Rd<br>Southfield, MI 48075-2401 | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/24/2022 | Expiration date*<br>5/26/2022 | Court clerk<br>Laverne Chapman |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DAVID WILSON,

       Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
a Washington Corporation,

       Defendant.

_____/

·Case No. 22-   NO

Hon.

MARIO J. AZZOPARDI (P46971)
JAY L. ROTHSTEIN (P27321)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048 / (248) 355-2079 FAX
mja@rothsteinlawgroup.com

_____/

There is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in this Complaint.

/s/ Jay L. Rothstein
JAY L. ROTHSTEIN (P27321)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, DAVID WILSON, by and through his attorneys, ROTHSTEIN

LAW GROUP PLC, and complains unto this Honorable Court as follows:

**General Allegations**

1.     That the Plaintiff herein is a resident of the City of Southfield, County of Oakland,

State of Michigan.

2.     Defendant, COSTCO WHOLESALE CORPORATION, d/b/a COSTCO, hereinafter

referred to as Defendant "COSTCO", is a Washington corporation qualified to do business in

1

22-002198-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/24/2022 11:59 AM   Laverne Chapman

Michigan, whose resident agent is The Corporation Company, located at 40600 Ann Arbor Rd., Ste. 201, Plymouth, Michigan 48170, and at all relevant times was conducting a regular part of its business in the City of Livonia, County of Wayne, State of Michigan.

3.      This cause of action arose in the City of Livonia, County of Wayne, State of Michigan.

4.      That the amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

## Count I - NEGLIGENCE

5.      Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 4 of the General Allegations of his Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

6.      That on or about January 21, 2022, Defendant, COSTCO, was the owner, operator, lessor, vendor and/or was otherwise in control and/or co-control of said property, complex, and premises a/k/a COSTCO, located at 13700 Middlebelt Road, in the City of Livonia, County of Wayne, State of Michigan, and maintained same for the use of its patrons, business invitees, and other persons lawfully on the premises.

7.      That on or about January 21, 2022, Defendant was responsible for inspecting, cleaning, maintaining and repairing its store restrooms and restroom fixtures and/or equipment, and clearing its restroom floors of conditions that posed a threat of unreasonable and/or substantial injury or was otherwise in control and/or co-control of said property, complex, and premises a/k/a COSTCO, located in the City of Livonia, County of Wayne, State of Michigan.

8.      That on or about January 21, 2022, the Plaintiff, DAVID WILSON, was lawfully inside the COSTCO store to purchase a television when he entered and attempted to use the public

2

restroom within the Defendant's store.

9.    That because Plaintiff, DAVID WILSON, was a customer in need of use of the restroom, he was for all practical purposes required and/or compelled to enter and exit Defendants' restroom facilities through the only entrance/exit available.

10.    That the Plaintiff, DAVID WILSON, was exercising all due care and caution when he stepped out of a restroom stall within Defendant's public restroom on the premises owned, managed, leased or otherwise under control of the Defendant, and slipped due to water and/or a wet/damp floor surface.

11.    That at all times relevant and material hereto, it was the duty of the Defendant to provide and maintain a reasonably safe and fit property and premises for areas it permitted to be held open for the use and benefit of the public and all other persons lawfully on the premises.

12.    That the Defendant breached its aforestated duties to provide and maintain a reasonably safe and fit property and premises by allowing dangerous and hazardous conditions to be present upon the property, including but not limited to the presence of leaking and/or broken plumbing fixtures and/or equipment and water and/or a wet/damp floor surface within the public restroom on the aforesaid property.

13.    That the Defendant breached its aforestated duties to provide and maintain a reasonably safe and fit property and premises by allowing dangerous and hazardous conditions to be present upon the property, including but not limited to the presence of leaking plumbing and/or equipment/fixtures and standing water/wet or damp floors within the public restroom which by their nature was effectively unavoidable and/or posed an unreasonably high risk of harm or injury and their presence on the aforesaid property was inexcusable, even in light of any alleged open and obvious nature.

3

14.    That Defendant was negligent in, but not limited to, the following duties and particulars:

A.    Failing to clear its premises of leaking or broken plumbing fixtures and/or equipment or ensure that those who were delegated that responsibility did so in a reasonable and prudent manner;

B.    Failing to clear its premises of standing water and/or wet/damp floors or ensure that those who were delegated that responsibility did so in a reasonable and prudent manner;

C.    Failing to warn its patrons and invitees of the leaking or broken plumbing fixtures and/or equipment within the public restroom present on the premises;

D.    Failing to warn its patrons and invitees of the standing water and/or wet/damp floor within the public restroom present on the premises;

E.    Failing to properly remove, replace, repair or shut off the leaking or broken plumbing fixtures and/or equipment within the public restroom;

F.    Failing to properly remove, clean, mop or dry the standing water and/or wet/damp floors within the public restroom;

G.    Permitting leaking or broken plumbing fixtures and/or equipment to exist on the premises and permitting a dangerous condition to exist with respect thereto;

H.    Permitting standing water and/or a wet/damp floor to exist on the premises and permitting a dangerous condition to exist with respect thereto;

I.    Permitting leaking or broken plumbing fixtures and/or equipment to exist on the premises which created a risk of danger so unreasonably high that its presence was inexcusable, even in light of any alleged open and obvious nature;

J.    Permitting standing water and/or wet/damp floors to exist on the

4

premises which created a risk of danger so unreasonably high that its presence was inexcusable, even in light of any alleged open and obvious nature;

   K. Allowing a dangerous condition to remain and exist in such a manner and condition that it prevented safe entry or exit from the public restroom and created an effectively unavoidable condition;

   L. Failing to take reasonable precautions to prevent injuries such as incurred by the Plaintiff;

   M. Allowing a dangerous condition to exist or remain on the premises;

   N. Failing to supervise the maintenance of the premises to ensure that its condition was safe for the public's use;

   O. Failing to regularly inspect the premises for dangerous and hazardous conditions, including but not limited to the existence of leaking or broken plumbing fixtures and/or equipment;

   P. Failing to regularly inspect the premises for dangerous and hazardous conditions, including but not limited to the existence of standing water and/or wet/damp floors;

   Q. Failing to conduct prompt, regular, necessary and reasonable inspections of the premises including the bathrooms, floors and surfaces within the premises;

   R. Failing to take reasonable precautions for the safety of persons lawfully on the premises when Defendant knew or should reasonably have known of the dangerous conditions present on or about the premises;

   S. Failing to take any precautions or make reasonable efforts to remove the dangerous conditions within or upon the premises when the Defendant knew or should have reasonably known of the existence of such dangerous conditions;

5

T.     Failing to reasonably and properly maintain the premises or reasonably supervise or ensure its proper maintenance to prevent dangerous conditions from occurring;

U.     Failing to dry, mop or remove the standing water and/or remedy the wet/damp floor within the public restroom in a reasonable and timely manner;

V.     Failing to place and/or provide floor dryers/fans inside the restroom to dry, remove, remedy and/or reduce the potential threat of unreasonable risk of injury;

W.     Failing to cordon off or close the restroom to prevent use of the restroom to prevent remedy and/or reduce the potential threat of unreasonable risk of injury;

X.     Failing to apply or spread drying or absorbent material/chemicals/substances to dry the floor and/or reduce the potential threat of unreasonable risk of serious injury;

Y.     Failing to post signs, warning cones or warning tape to warn patrons and members of the public of the standing water, wet/damp floor, and/or leaking or broken plumbing, fixtures and/or equipment;

Z.     Failing to properly train, supervise, manage and/or instruct their employees, agents and/or representatives;

AA.     Creating a dangerous condition or contributing to the creation of a dangerous condition on the premises;

BB.     The active negligence/misfeasance of the Defendant and Defendant's employees, staff, agents and/or representatives created an unsafe condition and resulted in an unreasonable serious injury to Plaintiff;

CC.     Committing other acts of negligence not yet known but which will be ascertained through the course of discovery in said litigation.

15.     That in the happening of the aforestated incident, the Plaintiff was not negligent, but

6

rather the Plaintiff's injuries were the sole, direct, and proximate result of the Defendant's negligence and breaches of duties and/or the negligence and breaches of duties of its employees, staff, agents and/or representatives.

16. That as a direct and proximate result of the Defendant's negligence and/or the negligence of its employees, staff, agents and/or representatives, the Plaintiff, DAVID WILSON, suffered severe lacerations and suffered other injuries to his body, including but not limited to injury to his bones, muscles, ligaments, nerves and nervous system, including injury to his head, face, nose, neck, shoulders, back and/or other parts of his body.

17. That as a result of the said incident, the Plaintiff, DAVID WILSON, was made to suffer painful and debilitating injuries requiring medical treatment, including hospital treatment, physical rehabilitation therapy, nursing services, and/or other medical treatment.

18. That as a result of the said incident, the Plaintiff, DAVID WILSON, suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills, and hospital bills, insurance liens and/or will continue to do so in the future.

19. That, additionally, the Plaintiff, DAVID WILSON, suffered significant loss of earnings and a permanent diminution of his earning capacity and that, because of the nature of said injuries, the Plaintiff will likely incur loss of wages or earnings in the future and the Plaintiff was and/or continues to be unable to participate in many of the activities of life in which he was able to indulge in prior to said injuries.

7

WHEREFORE, the Plaintiff prays for judgment in favor of Plaintiff and against the

Defendant in whatever amount this Court deems Plaintiff is entitled, together with interest, costs, and

reasonable attorney fees.

**ROTHSTEIN LAW GROUP PLC**

/s/ Jay L. Rothstein
JAY L. ROTHSTEIN (P27321)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048

Dated:  February 24, 2022

8

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DAVID WILSON,

    Plaintiff,

Case No. 22-  NO
Hon.

vs.

COSTCO WHOLESALE CORPORATION,
a Washington Corporation,

    Defendant.
_____/

MARIO J. AZZOPARDI (P46971)
JAY L. ROTHSTEIN (P27321)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048 / (248) 355-2079 FAX
mja@rothsteinlawgroup.com
_____/

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff herein, DAVID WILSON, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the captioned matter.

        **ROTHSTEIN LAW GROUP PLC**

        /s/ Jay L. Rothstein
        JAY L. ROTHSTEIN (P27321)
        Attorney for Plaintiff
        19068 W. Ten Mile Road
        Southfield, MI 48075
Dated: February 24, 2022    (248) 355-2048

1

22-002198-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/24/2022 11:59 AM   Laverne Chapman